## C. C. BRADFORD v. EMZY TAYLOR,

SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

Appeal from Williamson county.

*T. W. Stratton, and Makemson & Price,* for appellant.

*Fisher & Fisher,* far appellee.

#### STATEMENT.

This action was brought by the appellee against F. L. Jordan and C. C. Bradford, as partners, to recover of them ($502.03) five hundred and two and 3 100 dollars money alleged to have been advanced to Jordan and Bradford at their request by the appellee.

C. C. Bradford answered under oath, denying that at the time the money was alleged to have been advanced or paid at the request of Jordan and Bradford, any partnership existed between himself and Jordan. He further answered by a general denial, and specially denied that any part of the debt sued for was incurred by him or by any person having authority from him to contract it.

Appellee filed a supplemental petition, in which he alleged that the firm of Jordan & Bradford was dissolved on the 12th of March, 1883, and that by the term of dissolution, Jordan had full power and authority to settle the indebtedness of the firm of Jordan & Bradford ; and, that, in pursuance of such power, Jordan drew certain checks on the appellee, upon which the money claimed in the original petition was paid.

These checks are all in the same form, some of them payable to different persons, or bearer, and they were dated respectively March 12, March 20, March 23, April 2 and March 14, 1883.

In form the checks were as follows :

"GEORGETOWN, TEX., March 14, 1884.

EMZY TAYLOR, Banker,

Pay to Steele & Sparks, or bearer, one hundred and thirty-seven dollars.

(Signed)          F. L. JORDAN."

The check here set out being the first one set out in the supplemental petition.

The supplemental petition alleged that the checks were drawn by Jordan under authority from C. C. Bradford, and that on their request so made, the sum claimed was paid out by the appellee to the holders of the checks, and that all the money so paid went to the discharge of debts of the late firm of Jordan & Bradford.

By a supplemental answer C. C. Bradford denied that the debt set out in the supplemental petition was incurred by his authority ; denied that Jordan had any authority to incur any indebtedness on account of the dissolved firm of Jordan & Bradford ; also set up the dissolution of that firm prior to the time the claim sued on accrued and knowledge of that fact by the appellee. This answer was not verified by affidavit.

#### OPINION.

It is claimed that the court erred in refusing to exclude the five checks set out in the appellee's supplemental petition.

The pleading of the appellee was sufficiently broad to authorize the admission in evidence of the five checks, without proof that Jordan was empowered to draw them and thereby bind Bradford.

There was no plea by Bradford, under oath, denying the authority of Jordan, and in the absence of such plea, the checks are to be deemed, under the pleadings, as binding Bradford as fully as they did Jordan, and the fact that upon their faces they do not purport to have been executed by Bradford makes no difference.

The answer of Bradford denying that a partnership existed between him and Jordan at the time the checks were drawn, which was verified by affidavit, only put in issue the power of Jordan, as a partner, to make a contract which would bind Bradford.

The supplemental petition alleged that the checks were drawn and the money obtained by virtue of power which Jordan had after the dissolution of the firm of Jordan & Bradford, and not by virtue of such general power as he may have had as a member of a dissolved partnership.

If the pleadings of the appellee had not alleged any other source of power to Jordan, than that he was a partner of Bradford, then the verified plea of Bradford putting in issue the existence of the partnership, would have been sufficient to put that matter in issue, and the burden of proof to sustain it, on appellee ; but the pleadings went further, and in the absence of a plea verified by affidavit putting in issuance the power or authority of Jordan to draw the checks and thereby obtain the money, the checks were properly admitted in evidence, as a link in the chain of testimony which the appellee must produce to entitle him to recover.

The question of the office of a plea of *non est factum*, and of the effect of a failure to file such a plea, in cases in which any pleading is founded, in whole or in part, on an instrument in writing alleged to have been executed by the adverse party, or his authority, was considered, at the present term of this court, in City Water Co. v. White, in which the authorities bearing on the question were collected, and it is not necessary, now, further to consider it.

One of the grounds urged in the court below for a new trial, was, that the evidence was not sufficient to sustain the verdict. The same question is presented by the assignments of error, and we are of the opinion that this assignment is sustained.

It was incumbent on the appellee to show that he had, at the request of Jordan & Bradford, so paid the money on the checks pleaded and offered in evidence, that the law would infer a promise by them to repay it, i. e. the money must have been paid out of the funds of the appellee, and not out of the funds of Jordan & Bradford, or of either of them ; and under such circumstances as in law amount to a request so to pay it.

Under the pleadings the checks, coming from the appellee, a banker, on whom they were drawn, were sufficient evidence of the request of both Jordan & Bradford to pay the money to the holders of the checks, and of the fact that the money was paid. This, however, was all that the production *prima facie*, proved.

The checks were drawn on a banker, and were in the form ordi-

narily used by depositors, and no presumption arises, from the simple fact that such checks are paid, that the payment constituted a loan or payment to the drawers by way of accommodation. The presumption which would arise on such state of facts, unexplained, would be that the checks were paid out of deposits made by the drawer, or in satisfaction so far of a debt due to them by the bank.

Close v. Fields, 2 Texas, 237.

Bank v. Woodward, 18 Penn. St., 361.

Fletcher v. Manning, 12 M. W., 580.

Thurman v. Van Brunt, 19 Bart. 410.

Healey, et al, v. Gilman, 1 Bosw. 235.

Morse on Banking, 322.

Daniels on Neg. Insts., sec. 1747.

Evidence should have been offered to rebut that presumption, and to show that the money was paid on the checks as a loan, or on some other account which would have raised an obligation on the part of the drawers to repay it. No such evidence was offered.

After proving that the checks were paid after the dissoluion of the partnership between Jordan and Bradford, and that Taylor knew of that dissolution, all the evidence which was offered was the five checks and the attachment proceedings had in the cause.

This was not enough to sustain the verdict, and a new trial should have been granted.

· For this error the judgment is reversed and the cause remanded.

Reversed and remanded.    STAYTON, Associate Justice.