## THOMAS MALONEY V. J. W. EAHEART ET AL.

### No. 7061.

1. **Usury—Right to Defend Against Usury.**—A junior mortgagee or purchaser under such a mortgage who has the right to pay off the debt creating the first incumbrance should have the right to discharge it by paying only so much as is recognized by the law to be valid. Such right could not be destroyed by the mortgagor without foreclosure conveying the land to the first mortgagee.

2. **Tender — Case Adhered to. —** Spann v. Sterns, 18 Texas, 556, adhered to in holding that an offer by a junior mortgagee to pay off the senior mortgage or to do equity is not restricted by the rules governing *tender.* The offer needs not the production of the money in court to keep it in effect.

3. **Usurious Interest. —** An elder mortgage had been settled by the mortgagor conveying the land to the mortgagee. The debt was in large part usury. A junior mortgagee sought to redeem the land by suit, making all the necessary parties. The mortgagor did not plead usury in the debt secured by the first mortgage, but the junior mortgagee set up and proved the usury in the first mortgage. The court decreed the relief asked by the junior mortgagee, and rendered judgment as between the parties to the first mortgage for the debt without interest. *Held,* that such decree was proper although the mortgagor did not plead usury.

APPEAL from Shackelford. Tried below before Hon. T. H. Conner. The opinion states the case.

*J. R. Fleming* and *Theodore Mack,* for appellant.—1. Usury is a plea of personal privilege, and can not be set up by any one but the debtor. Harrison v. Bank, 1 Ct. App. C. C., sec. 375; Mosely v. Smith, 21 Texas, 441; De Wolf v. Johnson, 10 Wheat., 367; Pritchet v. Mitchel, 17 Kan., 355; Bank v. Warehouse Co., 49 N. Y., 642; Lee v. Feamster, 45 Am. Rep., 549; Ready v. Huebner, 32 Am. Rep., 749; Stein v. Building Assn., 81 Am. Dec., 353; Stephens v. Muir, 65 Am. Dec., 765, 766; Campbell v. Johnston, 4 Dana, 177; Tyler on Usury, 483; 1 Jones on Mortgages, secs. 744, 745; 2 Pome. Eq. Jur., sec. 937; 7 Wait's Act. and Def., 624, 625, and cases cited.

2. The payment of a debt by mortgagor by an absolute sale of mortgaged premises and the release by the mortgagee of all liability of the mortgagor upon the debt, in the absence of fraud, operates as a discharge of the mortgage lien and the title vests absolutely in the mortgagee. Ladd v. Wiggins, 69 Am. Dec., 551; Breckenridge v. Ormsby, 19 Am. Dec. 71; Lessee v. Wood, 20 Ohio St., 261; Smith v. Smith, 15 N. H., 55; Johnson v. Nations, 26 Miss., 147.

3. A borrower may himself pay a usurious debt, and if he does neither himself nor any other person can attack such payment on the ground of its usurious character. Bank v. Warehouse Co., 49 N. Y., 642; Spengler v. Snapp, 5 Leigh, 478; Tate v. Liggett, 2 Leigh, 84; Crenshaw v. Clark, 45 Am. Rep., 553; De Wolf v. Johnson, 10 Wheat., 367.

4. A purchaser at a sale under foreclosure of a mortgage having notice of a pre-existing mortgage, can not set up usury against the prior mortgage, but he takes the property cum onere.    Dalian v. Hollacher, 2 Ct. App. C. C., sec. 529; Stephens v. Miner, 65 Am. Dec., 764; Nace v. Gregory, 40 Am. Rep., 41; Sellars v. Bosford, 11 Mich., 59; Ready v. Huebner, 46 Wis., 692; Powell v. Hunt, 11 Iowa, 430; 2 Pome. Eq. Jur., 937. .

5. A purchaser of land at a sale under foreclosure proceedings, by virtue of a second or junior mortgage, and which land is subject to a first or prior mortgage, which senior mortgage may have been usurious, must tender the amount due the senior mortgagee before the sale.    Hemphill v. Watson, 60 Texas, 679–683.

6. A party who pleads a tender must produce and pay into court at the time of the trial the amount tendered, or his plea will not avail him. Price v. McCoy, 1 Ct. App. C. C., sec. 181; Brock v. Jones, 16 Texas, 461; Tooke v. Bonds, 29 Texas, 419; Cole v. Tucker, 6 Texas, 266; Flake v. Nuse, 51 Texas, 98; S. & B. Plead. and Prac., form 201.


*L. W. Campbell*, for appellees.—1. The usury appearing upon the face of plaintiff's note and mortgage, and being therefore void as to the interest under the Constitution and laws of Texas, any party to the suit against whose property said void and illegal contract is attempted to be enforced has the right to defend against it.    Rev. Stats., arts. 2978, 2979, 2981; Const. 1876, art. 16, sec. 11; Mosely v. Smith, 21 Texas, 441; 1 Ct. App. C. C., sec. 378; Watson v. Aiken, 55 Texas, 536; Hemphill v. Watson, 60 Texas, 679; Stanley v. Westrop, 16 Texas, 201.

2. Defendant Eaheart is in privity of estate with the borrower Stone, he having purchased the legal title to the land and succeeded to Stone's rights thereto, and had the right to defend against the illegality of said contract so far as it affected said property.    Lloyd v. Scott, 4 Peters, 230; Lloyd v. Scott, 9 Peters, 418; Lloyd v. Scott, 12 Peters, 145; Barnard v. Young, 17 Ves., 44.

3. The voluntary sale to Maloney by Stone on June 7, 1887, without foreclosing or resorting to the power of sale contained in the mortgage, could not in any manner affect the right of Norcop either to pay off the Maloney debt or set up any valid defense that he might have thereto; and the purchaser under Norcop's foreclosure sale had the legal title and right of possession until Maloney either sold the land out under the deed of trust or foreclosed his mortgage in the courts, and had the land sold according to law.    Hunt v. Makemson, 56 Texas, 9; Silliman v. Gammage, 55 Texas, 365.

4. Defendant Eaheart did not owe the debt, but his property was charged with its payment, and he had the right to tender the amount due, and when such tender was refused it discharged the mortgage on

the land but left the personal debt against Stone undisturbed; and whether this be true or not, it was not necessary for him to tender the money in court to entitle him to recover costs. Spann v. Sterns, 18 Texas, 562–571; 2 Jones on Mort., secs. 886–895; 7 Wait's Act. and Def., 544; 26 Wend., 541; Moynahan v. Moore, 77 Am. Dec., 468.

HENRY, ASSOCIATE JUSTICE.—This was an action of trespass to try title brought by appellant. On the 17th day of October, 1883, the land in controversy belonged to W. P. Stone. On that date the said Stone and D. L. Cullum executed their promissory note to appellant for the sum of $900, payable ninety days after date, with interest, expressed upon its face, at the rate of $1\frac{1}{2}$ per cent per month. Upon the same date Stone executed a deed of trust upon the land in controversy to secure the payment of said note. On the 25th day of October, 1886, Stone executed to one Norcop his note for $593.13, payable on the 21st day of January after date with interest from maturity at the rate of 12 per cent per annum, and on the same day he executed a deed of trust upon the land in controversy to secure said note. Payments amounting to the sum of $275 were made to appellant and indorsed as credits upon the note held by him. Except for said amount both of said notes remained unpaid on the 13th day of May, 1887, on which date Norcop recovered in the District Court of Shackelford County, against Stone, a judgment for the sum of $1693.88, from which was deducted the sum of $575 for damages recovered in the same suit by Stone against him. Of the judgment so recovered by Norcop the sum of $593.13 with the interest thereon was adjudged to be a lien, by reason of the last named deed of trust, upon the land in controversy, which was foreclosed and an order of sale was directed to be issued. A credit of $800 was entered upon the judgment, and on the 6th day of June, 1887, an order of sale was issued for a balance of $318.80, which came to the hands of the sheriff, and on said last mentioned date he advertised said land for sale thereunder. On the next day—the 7th day of June, 1887—Stone in consideration of the mortgage debt due by him as aforesaid voluntarily made to Maloney a deed to the land without foreclosure or the intervention of the trustee. The land was duly sold by the sheriff in pursuance of the order of sale issued upon the Norcop judgment, and was purchased by Eaheart, the appellee, who bid and paid for it the sum of $371, and received a deed for it from the sheriff.

Among other defenses appellees pleaded the foregoing facts and that plaintiff's debt was usurious. Stone was made a defendant, and filed an answer denying any indebtedness to the plaintiff, but did not plead usury.

The cause was tried by the court without a jury, and judgment was rendered on the 20th day of November, 1888, in favor of Maloney, the plaintiff, and against Stone, for the sum of $684, with a foreclosure of

the lien of the mortgage first described for said sum upon the land in controversy. An order of sale was directed to be issued, and it was ordered that the proceeds of the sale to be made thereunder should be used for discharging the plaintiff's judgment, and that the surplus, if any remained, should be paid to the defendant Eaheart. The costs of the suit were adjudged against the plaintiff, on the ground that it appeared from the evidence that before the institution of his suit the defendant had tendered to him the full amount due upon his note.

It is contended that the court erred in sustaining the plea of usury, because that plea is the personal privilege of the debtor and was not available to the purchaser under the junior mortgage after a settlement between the debtor and first mortgagee.

Our statutes declare that "all written contracts whatsoever which may in any way directly or indirectly stipulate for a greater rate of interest than 12 per cent per annum shall be void and of no effect for the whole rate of interest." Rev. Stats., art. 2980. They also direct "that the provisions thereof shall be liberally construed with a view to effect their objects and to promote justice." Rev. Stats., Final Title.

In the case of Gilder v. Hearne, 79 Texas, 120, it was decided by this court that a promissory note transferred to an innocent holder before maturity and for value is void in his hands as to the usurious interest. We think the reasons are stronger for holding that a junior mortgage, or the purchaser under such a mortgage who has the right to pay off the debt that creates the prior incumbrance, should have the right to discharge such incumbrance by paying only so much of the debt as is recognized by the law to be valid. Where the junior mortgage is made expressly subject to the prior mortgage and the holder of such a mortgage or any purchaser thereunder undertakes to discharge the prior mortgage, the rule may be different. We think that in this case the right to remove the first lien by discharging so much of appellant's debt as was lawful was acquired by the second mortgagee when his lien was acquired, and that the parties to the first mortgage could not deprive him of that right by the conveyance subsequently made of the land by the mortgagor to the mortgagee. Lloyd v. Scott, 4 Pet., 193; Union Bank v. Bell, 14 Ohio St., 200; Greene v. Tyler, 39 Pa. St., 361; Cole v. Bausemer, 26 Ind., 94; Banks v. McLellan, 24 Md., 62; 1 Jones on Mortgages, sec. 644; Tyler on Usury, 408. What would have been the effect upon the right of the purchaser under the second mortgage to redeem the land by discharging the first debt if a regular sale of the mortgaged premises under the power of sale had been made, without his having previously offered to pay the plaintiff's debt, is a different question from the one now presented, and need not be now decided by us.

It is urged that "the court erred in holding that defendant Eaheart could plead and prove a tender to plaintiff without tendering and de-

positing the money in open court, and in giving effect to such tender and charging plaintiff with all the costs of the suit.''

In the case of Spann v. Sterns, 18 Texas, 556, this court recognizes a distinction between an actual tender and an offer by a junior mortgagee to do equity by paying the prior debt, and held that in the last case it is not necessary for an actual tender of the money to be made or continued. In this case an offer to pay the amount due to plaintiff was made before he brought suit. He refused the offer and sued to recover the land. The litigation was conducted by him to the end either to recover the land or the usurious interest. He failed to do either, and we think there was no error in adjudging against him the costs of the suit.

We do not think that the court erred in rendering judgment against Stone for only the principal of the debt less the payments previously made by him, notwithstanding he did not interpose the defense of usury. If it be conceded that the establishment of the usury by another party in the cause should not be held to preclude a recovery against him because he too did not plead it, which we are not prepared to hold, still as between him and the plaintiff the debt had been settled by the surrender of the land, and we can see no reason why that contract should not have been enforced as between the parties to it. At least the plaintiff has no just cause of complaint against the judgment in that particular.

It is contended that the evidence shows that the judgment recovered by Norcop against Stone had been fully paid before the sale of the land was made under it. The evidence upon that issue was conflicting, and the judgment of the court upon it must be treated as final.

We find no error in the proceedings for which we think the judgment should be reversed, and it is affirmed.

*Affirmed.*

Delivered June 5, 1891.