### A. T. Ramey v. The State.

No. 8143.      Delivered Jan. 28, 1925.

**1.—Perjury—Materiality of False Testimony—Must Be Shown.**

Appellant was convicted of perjury, predicated upon false testimony given by him in a civil suit in Potter county. The purported false statement charged, was that appellant, who was one of the defendants in the suit, testified on the trial that the notes sued on by plaintiff, were usurious. Unless there was an issue in the civil suit, raised by proper pleading as to whether or not Ramey paid usury, or interest in excess of 10 per cent. then none of the statements assigned as perjury could have been material. Art. 1906 R. C. S. enumerates the pleas of the defendant, in a civil suit, which must be verified. Subdivision 12 under said article provides that a plea that a contract is usurious must be verified. Unless usury is specifically pleaded under oath, no evidence is admissible or material in the cause bearing upon the question of usury.

**2.—Same—Signature to Check—Materiality of.**

Perjury was also assigned on the alleged false testimony on the trial of the civil case, by appellant to the effect that he did not sign his name on the back of a check for $33.75. The materiality of this testimony, depended entirely on the issue of usury. That issue not having been plead by appellant in the civil suit, the signing of his name on the back of the check for $33.75 also became wholly immaterial, and perjury would not be assigned on that statement.

**3.—Same—Usurious Plea of Codefendant—Materiality of.**

A codefendant of appellant, Mrs. Nobles, filed under oath a plea of usury, which was sworn to by appellant as her agent. Mrs. Nobles was sued in the civil case as a guarantor of the payment of the vendor's lien notes in question. She did not assume the payment of an alleged usurious contract, for the taint of usury, if it attached at all, was at the time of the execution of the $145.00 note in question to which she is not shown to have been a party, nor in any way to have assumed the payment of. It follows, that the plea of usury filed by Mrs. Noble presented no legal defense to plaintiffs cause of action, and that any testimony given in support of such plea, on the trial of the case, would not be material.

**4.—Same—Indictment—Perjury—Necessary Averments.**

Appellant attacks the indictment on the ground that the description of the civil suit, in which the perjury is laid, is not sufficient. We do not agree to his contention. While it would be better practise to designate the docket number of the case and also by setting out the names of all of the parties plaintiff and defendant, we are not prepared to go to the extent of holding that the pleader's failure to do this fails to charge an offense. The rule under the common law, which required all of the pleadings in the case in which perjury was alleged to have been committed to be set out at length in the indictment, is not required in this state, under the provisions of Art. 465 C. C. P.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for perjury; penalty, two years in the penitentiary.

The opinion states the case.

*William F. Nix,* of Amarillo, and *Cofer & Cofer,* of Austin, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for perjury. Punishment is two years in the penitentiary.

On June 30th, 1917, T. P. Roach and wife conveyed to Mary V. Ramey, wife of appellant, certain real estate the description of which is not important. In payment therefor appellant and his wife executed and delivered to Roach four vendor's lien notes, being for $750 each, dated June 30, 1917, bearing interest from date at the rate of 8% an-

num and due in 1, 2, 3 and 4 years. On January 14, 1918, appellan't wife died leaving a will bequeathing all her property to him. On July 25, 1918, appellant conveyed to Angie Adalynn Nobles his married daughter in her own separate right the land in question, she assuming the payment of the four notes described. One of the notes was paid while Roach still held them. On February 17, 1921, he transferred the other three notes to M. L. Phillips. On May 17, 1922, Phillips filed suit in the district court of Potter County to recover on the three notes which had been transferred to him and to foreclose his lien on the property. The defendants in said suit were A. T. Ramey (appellant), Angie Adalynn Nobles, Leslie Nobles (her husband and made a party *pro forma*), L. C. Barrett, W. H. Childers, Stuart Miller, T. P. Roach, Early Grain & Elevator Co., and the Southwestern Life Insurance Co. Barrett and Childers were made parties under an allegation that Mrs. Nobles had executed a mortgage to them upon the property to secure a debt for $50, the Early Grain & Elevator Co., Southwestern Life Insurance Co. and Stuart Miller were made parties under an allegation that judgments for small amounts in their favor against Ramey were on record in the abstract of judgment records in Potter County and alleging that the mortgage to Barrett and Childers and the judgment constituted an apparent lien against the land upon which plaintiff sought to foreclose. Judgment was sought against Ramey for the amount of the three notes, interest and attorney fees, and against all of the defendants for foreclosure of the lien, and praying that the judgment decree the property free of any lien because of the mortgage and judgments of record.

Upon the trial of this civil suit in the district court Ramey testified that at the time he negotiated with Phillips relative to taking up the notes then held by Roach that Phillips said the notes were only paying 8% and that money was worth 20% and that he could not take the notes up unless he (Ramey) would pay additional interest thereon; that he did execute to Phillips a note in the sum of $145 which represented the excess interest over and above that specified in the vendor's lien notes. Ramey further testified that at the time he executed the $145 note in question that he received no money whatever from Phillips and denied his endorsement upon a check for $33.75 bearing date of February 19, 1921, signed by plaintiff and payable to Ramey. Ramey asserted the indorsement of his name on this check was a forgery. It is out of this testimony of Ramey's that the present prosecution for perjury grew, it being alleged that it was a material inquiry upon the trial of said civil suit whether interest in excess of 10% had been paid by said Ramsey and others upon the amount specified in the vendor's lien notes.

It is further in evidence that the $145 note had been sued upon in the county court some months before the trial of the case in the district

court and was only relevant in the trial of the latter case as the facts surrounding the execution of the $145 note would or would not establish that it was for usurious interest. There is no pretense or claim of any taint of usury relative to the vendors lien notes themselves at the inception of the contract. Mrs. Nobles did not assume the payment of the $145 note executed by Ramey to Phillips. In fact that note was not executed until long after Ramey had conveyed the land to Mrs. Nobles and she had assumed the payment of the vendor's lien notes. It is not shown that Mrs. Nobles became in any way obligated to pay the $145 note, or ever paid or caused to be paid any part thereof. The State introduced the answer of Mrs. Nobles in which she interposed a plea of usury, as follows:

"This defendant would show to the court that the contract sued upon is usurious in that plaintiff has heretofore charged this defendant interest at the rate of more than ten per cent upon the said notes named in the petition, and which defendant has paid and caused to be paid to plaintiff."

This plea is sworn to by Ramey as her agent. There does not appear in the record any answer by Ramey. The clerk of the court testified that his file docket showed that Ramey had filed an answer in said suit, and one of the attorneys representing Phillips testified that he presumed Ramey had filed an answer because they filed a first supplemental petition in reply to Ramey's original answer. There was introduced in evidence over objection of appellant the first supplemental petition of Phillips which recites that it is in reply to the answer of Ramey, the objection being that it was not the proper way to prove that Ramey had interposed a plea of usury in said cause. No effort was made to show that any search had been made for Ramey's answer, if any had been filed by him, nor to prove the contents thereof in the event the same had been lost. There is nothing in the record to show that Ramey interposed a sworn plea of usury in the suit to recover on the vendor's lien notes.

The testimony of Phillips is to the effect that the $145 note heretofore mentioned was given to cover the difference between interest at the rate of 8% and 10% and to pay for certain abstracts, examination of titles and other matters incident to the transfer of the notes to him, and also an item of $35 in cash which he was to let Ramey have, which was also included in said note, but for some reason the check was written for $33.75 instead of $35.00. It may be further stated that the evidence leaves no doubt as to the genuineness of Ramey's indorsement on said check.

Appellant presents the proposition that, the record failing to show that Ramey filed a sworn plea of usury in the cause in which the perjury is alleged to have been committed, any statement by him tending to prove that he had agreed to pay interest in excess of 10% on the

vendor's lien notes was irrelevant and immaterial and would not support assignments of perjury.    Pertinent to such proposition, it may be said to be well settled that the testimony on the perjury trial must show the alleged false statement to have been material to an issue in the case wherein the perjury is claimed to have been committed.    Article 309, P. C., Branch's Ann. P. C., page 487, Sec. 868, and cases collated.    Garrett v. State, 37 Texas Crim. Rep., 198, 39 S. W. 108x.    The indictment contains three assignments of perjury, it is alleged (a) that Ramey swore that on or about the 19th day of February A. D., 1921, he paid M. L. Phillips interest in excess of 10% and that such statement was false; (b) that he swore a certain promissory note dated February 12, A. D. 1921, was given to pay interest in excess of 10%, and that this statement was false; (c) that he swore he did not sign his name on the back of a certain check for $33.75, which statement was alleged to be false.    The first two assignments bear directly on the question of whether usury was charged.    It was contended by Ramey that the $145 note was given entirely for usurious interest, while it was the contention of Phillips that it was to cover the difference between 8% and 10% and for certain other expenses incident to taking over the notes by him, and also included the cash sum of $33.75 paid Ramey by him at the time.    If Ramey indorsed the check and got the money it would tend to defeat his claim that the $145 note was to pay usurious interest, so the question of whether Ramey indorsed the check was material only on the question of whether he paid usury.    Unless there was an issue in the civil suit raised by proper pleading as to whether Ramey paid usury, or interest in excess of 10% then none of the statements assigned as perjury could have been material.    Art. 1906, R. C. S. enumerates the pleas of defendant in a civil suit which must be verified.    Subdivision 12 under said article provides that a plea that a contract is usurious must be verified.    Unless usury is specifically pleaded under oath no evidence is admissible or material in the cause bearing upon the question of usury.    This particular statute, Art. 1906, has been passed upon by this court in connection with a conviction for perjury.    One of the pleas required to be verified by the statute is the denial of the execution of a written instrument, or the plea of *non est factum*.    This was considered by Judge Davidson in the case of Garrett (supra).    Suit had been filed against Garrett upon a note.    Upon the trial he testified that he did not sign it.    The evidence did not show that a plea of *non est factum* under oath had been filed by him.    We quote from Judge Davidson's opinion on rehearing in that case as follows:

"The materiality of the testimony must be shown by evidence; and, in the absence of an issue joined in the trial court that would render the testimony material, there could be no predicate upon which to base an accusation of perjury.    Under our statutes, as construed by the

Supreme Court, an issue as to the nonexecution of a note sued on can only be raised by a plea denying the execution of said note, verified by affidavit. This, as we understand it, is the only mode by which the issue of the nonexecution of a note sued on can be made. Unless such affidavit is made, the production of the note affords full proof of the fact of its execution, and cannot be denied or disputed by the defendant. The authorities go to the extent of treating a plea denying the execution of a note sued on, which is not sworn to, as a nullity. See, Drew v. Harrison, 12 Texas 279; Grounds v. Sloan, 73 Texas, 662. Both above cases are directly in point; and also, see Bradford v. Taylor, 61 Texas 508, Waterworks v. White, id., 536; Loan Co. v. Nall (Tex. Civ. App.), 36 S. W. Rep., 322. In such case, where the suit is on a note alleged to be executed by the defendant, and no affidavit of its nonexecution is filed in said case, as required by our statute, then there is no issue as to the execution of said note; no defense is presented as to its execution; and any testimony upon this subject is admissible, and will not afford a defense to plaintiff's action on the note. In accordance with the views above expressed, we hold that, the record failing to show that a plea of *non est factum* was made and presented by the defendant in said civil suit, we cannot presume against the defendant that such a plea was filed. In the absence of such matter of defense, it is our opinion that the evidence adduced fails to show that the alleged false testimony of the defendant became material; that is, that, the State having failed to show that the plea of *non est factum* was filed in said civil suit, the fact that appellant swore on the trial thereof that he did not execute said note is not shown to have been material to any issue in the case."

It appears that the opinion in Garrett's case (supra) is decisive of the question here. The State having failed to show that Ramey had filed a sworn plea setting up the claim of usury, his statements and testimony were immaterial to any defense he might have offered on that ground. It follows then we think that the alleged false statement of Ramey before they could support a conviction of perjury must be shown to have been material upon the plea of usury filed by Mrs. Nobles which was the only sworn plea to that effect shown by the record. Again reverting to the evidence, it is clear that Mrs. Nobles in assuming the payment of the vendors lien notes in question did not assume the payment of an alleged usurious contract, for the taint of usury, if it attached at all, was at the time of the execution of the $145 note in question to which she is not shown to have been a party nor in any way to have assumed the payment of. If as a fact Ramey, the vendor of Mrs. Nobles, paid or contracted to pay usurious interest this would not avail itself to her as a defense. It appears to be well settled that one who assumes the payment of a usurious contract is not relieved from liability because of the taint of usury and can not raise that ques-

tion in defense when sued upon the contract. Building & Loan Assn. of Dakota v. Price, et al., 46 S. W. 92; People's Build., Loan & Sav. Assn. v. Sellars, 46 S. W. 370; North Tex. Sav. & Bldg. Assn. v. Hay, 56 S. W. 580; Maloney v. Eaheart, 81 Tex. 285, 16 S. W. 1030; Southern Home Building & Loan Assn. v. Winans, 60 S. W. 825; Jones on Mortgages, Sec 745. If Mrs. Nobles could not avail herself of a plea of usury then the testimony and statements of Ramey bearing on whether he paid usury are immaterial to such issue plead by her. The statements then attributed to Ramey upon which perjury is assigned not being material as to him because of the failure of the state to show a verified plea of usury interposed by him, and being also imma-terial upon the sworn plea of usury filed by Mrs. Nobles they become wholly immaterial, hence under the doctrine of the Garrett case they would not support an assignment of perjury.

The indictment avers that the alleged false testimony given by ap-pellant was in a civil suit pending in the district court of Potter County, Texas, of which Henry S. Bishop was the presiding judge and in which court there was pending and on trial,

"The said judicial proceedings wherein one M. L. Phillips was plain-tiff and said A. T. Ramey was a defendant, wherein said A. T. Ramey and other defendants therein were then and there being sued upon certain vendor's lien notes for debt and foreclosure against and for certain land situated and lying in Potter County, Texas."

It is further averred that Ramey appeared as a witness in said court and the oath was administered to him by said Henry S. Bishop, judge thereof. It is further alleged that—

"One of the issues between said parties thereto was whether or not interest in excess of 10 per centum per annum on the amount of money specified in said vendor's lien notes had been paid by said defendant A. T. Ramey and others, and whereupon it then and there became and was a material issue before said judge and jury in the trial of said judicial proceedings whether or not interest in excess of 10 per centum per annum had been paid by A. T. Ramey upon the sums of money in said vendor's lien notes specified."

It is urged in this court that the indictment is fundamentally de-fective as being violative of Article 1, Section 10 of our Constitution and of Article 453 of our Code of Criminal Procedure in that the cause of action in which the perjury is alleged to have occurred is not de-scribed with that certainty which will enable the accused to plead a judgment of conviction or acquittal thereon in bar of a subsequent prosecution. In the lower court the indictment was attacked only in the most general terms. Motion to quash was on the ground that, "the offense attempted to be charged is not set forth in plain and intelli-gible words." If it was the purpose of appellant by said motion to at-tack the indictment upon the grounds now urged in this court the mo-

tion was couched in such general terms as would scarcely convey to the learned trial judge the reasons now presented here. It may be admitted that the rules of good pleading would suggest that the civil cause in which the perjury is alleged to have been committed might have been more fully described by designating the docket number thereof, and also by setting out the names of the other defendants, but we are not prepared to go to the extent of holding that in the pleader's failure to do this the indictment fails to charge an offense. The rule under the common law which required all the pleadings in the case in which perjury was alleged to have been committed to be set out at length in the indictment is not required in this state under the provisions of Article 465, C. C. P. The part of said Article applying to the question now being discussed reads as follows:

"An indictment for perjury or false swearing need not charge the precise language of the false statement, but may state the substance of the same; and no such indictment shall be held insufficient on account of any variance which does not affect the subject matter or general import of such false statement; and it is not necessary in such indictment to set forth the pleadings, records or proceedings with which the false statement is connected, nor the commission or authority of the court, or person before whom the perjury was committed; but it is sufficient to state the name of the court or officer by whom the oath was administered, with the allegation of the falsity of the matter on which the perjury is assigned."

If one convicted or acquitted upon a perjury charge desiring to plead former jeopardy thereto in a subsequent prosecution was confined to the pleading and judgment alone to show the truth of his plea there would be more force in appellant's contention, but such is not the rule in this state. His plea of former jeopardy may appear to be good from the face of the former indictments or judgments, but he has a right to go further and to plead and prove facts which will sustain his plea of former jeopardy and which do not appear from the face of the former indictments and judgments alone. For sustaining his contention appellant relies upon Walker v. State, 96 Ala. 53; Jacobs v. State, 61 Ala. 448; State v. John Green, 100 N. C. 547; Dennison v. State (Ala.), 72 So. Rep., 589. The State of Alabama has a statute substantially the same as Article 465 of our C. C. P. The Alabama cases did not turn upon a holding that the indictments in the particular cases were defective, but upon the question of variance in the proof submitted and the allegations in the indictment. Without reviewing the cases at length it appears that in all of them the cause of action in which the perjury is alleged to have been committed was described as either having one particular plaintiff or one particular defendant, and when the proof was offered it developed that there were more than one plaintiff or more than one defendant. The question of variance does

not arise in the present case. The indictment here having designated the particular court in which the civil suit was pending, the particular judge who presided therein, that it was a suit upon certain vendor's lien notes and to foreclose upon certain land situated in Potter County, we think, saves the indictment from the attack now directed at it, although the names of the other defendants were not set out.

For the reasons heretofore stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*