**YONACK et al. v. EMERY. (No. 10258.)**

Court of Civil Appeals of Texas. Dallas. Feb. 25, 1928.

Rehearing Denied March 31, 1928.

1. **Equity** &#9758;66—Plaintiff seeking relief from usurious contract was required only to offer to do equity.

Plaintiff alleging that note secured by trust deed was usurious and seeking to recover as penalty double amount of interest collected thereon by defendants and to enjoin defendants from selling property under trust deed pending suit was not required to pay balance on note into court as condition precedent to equitable relief; he being required only to offer to do equity.

2. **Appeal and error** &#9758;920(3)—On appeal from judgment continuing injunction in force, reviewing court presumes that on trial court will protect defendant's rights.

Where plaintiff alleged that transaction in which he gave a note secured by a trust deed

was usurious, and sought recovery as penalty in double amount of interest collected, and injunction restraining defendants from foreclosing trust deed during pendency of suit, on appeal from judgment continuing injunction in force, reviewing court will presume that on trial on merits court will impose terms authorized by evidence which will protect rights of defendants.

3. **Equity** &#9758;44—Plaintiff proving usurious transaction could recover statutory penalty and have it applied to extinguishment of unpaid principal of note without being put to election (Const. art. 5, § 8; Rev. St. 1925, art. 1906, subd. 6).

Where plaintiff alleged that transaction in which note secured by trust deed was given was usurious and sought recovery as penalty double amount of interest collected by defendants and to restrain defendants from selling property under trust deed during pendency of suit, in view of system prescribed by Const. art. 5, § 8, and Rev. St. 1925, art. 1906, subd. 6, under which courts administer both law and equity, plaintiff showing right thereto could recover statutory penalty and have it applied in extinguishment of unpaid principal of note without being put to election to sue for penalty and pay balance of note or waive penalty and have payments credited to principal.

4. **Usury** &#9758;95—Plaintiff electing to have payments applied to principal of usurious note must pay balance as condition precedent to recovery of penalty.

Where plaintiff alleged that transaction in which note secured by trust deed was given was usurious, and sought to recover as penalty double amount of interest collected, plaintiff, if electing to have payments on note applied to principal thereof, was required to pay portion of principal unpaid as condition precedent to equitable relief.

5. **Usury** &#9758;95—If penalty recovered was less than amount of usurious note, plaintiff must pay difference as condition precedent to equitable relief.

Where plaintiff alleged that transaction in which notes secured by trust deed was given was usurious, plaintiff could elect to sue for penalty in double amount of interest collected, and if amount recovered exceeded unpaid principal of note he was entitled to have note and trust deed canceled and judgment over for excess, but if penalty recovered was less than amount of principal, he was required to pay difference as condition precedent to equitable relief.

6. **Injunction** &#9758;172—Refusal to dissolve temporary injunction held proper, where answer did not unequivocally deny grounds for equitable relief.

Where plaintiff alleged that note secured by trust deed was usurious, and temporary injunction restraining defendants from selling property under trust deed during pendency of suit was granted, court did not err in refusing to dissolve injunction, where defendant's answer did not specifically and unequivocally deny plaintiff's grounds for equitable relief.

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Usury ⟨⟩76—Usurious contracts are void in hands of every holder.**

Since the statute denounces all usurious contracts as illegal and void, they cannot be validated by being put in circulation and are void in hands of every holder.

**8. Injunction ⟨⟩135—Question of preserving status of litigation until final trial rests in trial court's discretion.**

The question of preserving the status of litigation until final trial rests in sound discretion of trial court.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Action by C. A. Emery against Julius Yonack and another. From a judgment continuing an injunction in force, defendants appeal. Affirmed.

Emil Corenbleth and Geo. T. Burgess, both of Dallas, for appellants.

George Clifton Edwards, of Dallas, for appellee.

LOONEY, J. C. A. Emery, plaintiff below, alleged substantially that Julius and Jacob Yonack owned a note originally given by plaintiff to W. C. Gill for the principal sum of $2,000, bearing 8 per cent. interest per annum, payable $50 per month with interest on the unpaid balance, secured by a deed of trust on a lot of land situated in the city of Dallas, in which William T. Sargeant is named as trustee; that this transaction is usurious and void, in that the actual principal of the note was only $1,460, the sum of $540 added, to make the note $2,000, was without consideration; that the monthly installments of principal and interest collected thereon constituted and was a fraudulent scheme, device and subterfuge employed to collect usurious interest; that the original payee, Gill, was a mere tool used by appellants in said scheme; that they had notice, and actual knowledge, of all facts connected with the usurious and fraudulent nature of the contract; that plaintiff had theretofore paid on the note the sum of $1,149.78, of which amount appellants applied $410 to principal and $739.78 to interest, the same being in excess of 10 per cent. per annum on the actual principal, and that by reason of these facts appellants are liable to plaintiff in the sum of $1,479.56 penalty, being double the amount of the interest collected—wherefore he asked judgment for the sum of $429.56, the amount of penalty, less $1050, balance due on the principal, and that the note and trust deed be canceled.

Sargeant, the trustee in the deed of trust, was also made a defendant.

These allegations were under oath, and, as ground for injunction, plaintiff alleged that, notwithstanding he was not indebted to the defendants in any sum whatever, they claim an indebtedness against him of $1,050, with usurious interest and attorney's fees, and were threatening to have his property sold under the trust deed for the satisfaction of same; wherefore he prayed for injunction. On presentation, the court granted a temporary writ enjoining appellants from selling the property under the trust deed during the pendency of the suit.

Appellants filed an answer to the merits, and also a motion to dissolve, which was, on exceptions urged by plaintiff, dismissed by the court, and the injunction continued in force from which this appeal is prosecuted.

Appellants, among other things, complain of the action of the court in excluding evidence tending to show that the amount of interest paid did not exceed the sum of $196.40, instead of the sum of $739.78, alleged by plaintiff. The amount of interest paid by plaintiff will be left for determination when the case is tried on its merits; hence assignments and propositions involving that issue will not be considered on this appeal.

[1] Appellants make the contention that the court erred in granting the injunction and in refusing to dissolve same on their motion, for the reason that the plaintiff admitted he had received $1,460 in money on the contract and had only paid $1,149.78, leaving $310.22 unpaid thereon, which he should have paid, or offered to pay, into court as a condition precedent for equitable relief.

Plaintiff was not required to do more than he did, that is, offer to do equity. Replying to the motion to dissolve the injunction, plaintiff reiterated the contention that he was not indebted to appellants in any sum whatever on the contract, but he said:

"That, before the filing of this suit, he offered to do equity and more than equity, in that he offered to pay to defendants more than $200 more than the principal of the debt, or what was really due and owing to the owners of the note herein described as usurious interest; and that he here repeats the tender to said defendants of all that is legally owing to said defendants."

[2] Plaintiff was not required to do more than offer to pay the amount, if any, found to be due and owing. It will be presumed that, when the case is tried, the court will impose such terms, authorized by the evidence, of course, as will fully protect the rights of appellants. Spann v. Sterns' Adm'rs, 18 Tex. 556; Maloney v. Eaheart, 81 Tex. 281, 284, 285, 16 S. W. 1030; Hamburger v. Kosminsky (Tex. Civ. App.) 61 S. W. 958.

However, if plaintiff's main contention is correct, he was not required to pay or offer to pay any sum as a condition precedent to equitable relief. He showed that he received on the contract only $1,460, for which the note, amounting to $2,000, bearing 8 per cent. per annum, was given; that, he had paid on the contract $1,149.78, of which appellants

applied $739.78 to interest and $410 to principal, leaving a balance of $1,050 unpaid; that, by reason of the facts, he is entitled to recover double the amount of the interest paid, to wit, the sum of $1,479.50, as penalty, for which he prayed judgment, together with cancellation of the note and trust deed.

The contract described above is unquestionably usurious, and, if these allegations are established on final trial and appellants are held liable, the principal of the debt will be wiped out by the penalty, and a balance of $429.56 left in favor of plaintiff. Under this view, neither tender nor offer to pay a balance, which could not exist, was required.

[3] Appellants insist that plaintiff could not, in an equitable proceeding, recover a statutory penalty and have it applied to the extinguishment of the unpaid principal; that he was put to his election, either to sue appellants for the penalty and pay the balance of principal in full, or to waive the penalty, have all payments theretofore made on the contract credited to principal, and pay the balance remaining, if any.

This contention ignores entirely our blended system, under which courts administer both law and equity. Courts of this state have powers which courts in jurisdictions where the blended system has not been adopted do not have, that is, of decreeing forfeitures and penalties and of granting, in the same action, both legal and equitable relief; hence there was no occasion for plaintiff to prosecute separate actions, nor, as a condition precedent to relief, to waive the statutory penalty. Section 8, article 5, of the Constitution; article 1906, subd. 6, R. S. 1925.

[4,5] Plaintiff could have elected to have all payments on the contract applied to principal, and, if this had been chosen, he would be required to pay the portion of the principal unpaid, if any, as a condition precedent to equitable relief (Sugg v. Smith [Tex. Civ. App.] 205 S. W. 363, 373; I. Bldg. & L. Ass'n v. Biering, 86 Tex. 476, 25 S. W. 622, 26 S. W. 39); but plaintiff had the right to elect to sue for the penalty, as he did, and if the amount recovered should exceed the unpaid principal, he will be entitled to have the note and trust deed canceled and judgment over against appellants for the excess not consumed in extinguishing the balance of principal. However, should the penalty recovered, if any, be less than the amount of the unpaid principal, plaintiff should be required to do equity by paying the difference, as a condition precedent to obtaining equitable relief. Shropshire v. Commerce, etc., Co. (Tex. Com. App.) 280 S. W. 181, 184; Wootton v. Jones (Tex. Civ. App.) 286 S. W. 680, 686; People's B. & L. Ass'n v. Bessonette (Tex. Civ. App.) 48 S. W. 52; Rosetti v. Lozano, 96 Tex. 57, 70 S. W. 204; Cotton v. Thompson (Tex. Civ. App.) 159 S. W. 455, 461; Guarantee, etc., Co. v. Mitchell, 44 Tex. Civ. App. 165, 99 S. W. 156.

[6] Appellants contend further that their answer sufficiently denied the material allegations of the plaintiff's plea for injunction, and, for that reason, they were entitled to have the temporary writ dissolved.

The material allegations, upon which plaintiff based his prayer for injunction, were not specifically denied. As to the consideration for the note, appellants alleged:

"That the real consideration of said note is contained in said note, as far as these defendants know and were aware."

Again they say:

"That these defendants have no knowledge of any usury or fraudulent scheme, etc. * * * That said note provides for legal interest, and said defendants have collected no usurious interest, and have no knowledge of any usurious interest, and, in so far as they are concerned, there has been no usurious interest collected on said note."

They do not deny that $540 was added unto the note for $2,000 as a device for the collection of usurious interest, nor do they deny that they were endeavoring to compel plaintiff to pay $1,050 balance due upon the contract, although he had paid $1,149.78 on a principal that had no legal existence, except for $1,460.

We are of the opinion that appellants' answer did not specifically and unequivocally deny plaintiff's grounds for equitable relief, and for that reason the court did not err in refusing to dissolve the injunction. Mann v. Trinity Farm Co. (Tex. Civ. App.) 270 S. W. 926; Porter v. Johnson (Tex. Civ. App.) 140 S. W. 471; Dawson v. Baldridge, 55 Tex. Civ. App. 124, 118 S. W. 593; McAmis v. G., C. & S. F. Ry. Co. (Tex. Civ. App.) 184 S. W. 333.

[7, 8] It is true appellants alleged under oath that they were innocent purchasers of the note for value and before maturity, but, as our statute denounces all usurious contracts as illegal and void, they cannot be validated by being put in circulation, and are void in the hands of every holder. Thompson v. Samuels (Tex. Sup.) 14 S. W. 143, 145; Gilder v. Hearne, 79 Tex. 120, 14 S. W. 1031, approved in Maloney v. Eaheart, 81 Tex. 281, 284, 16 S. W. 1030. But, even if the answer could be construed as a specific denial of the equities of the bill, appellants were not, as a matter of right, entitled to have the injunction dissolved. The question of preserving the status of the litigation until final trial would still rest in the sound discretion of the court.

Under the case made, we cannot say that the court abused its discretion either in granting or in refusing to dissolve the injunction. Carr v. Froelich (Tex. Civ. App.) 220 S. W. 137, 140; Porter v. Johnson (Tex. Civ. App.) 140 S. W. 471; Merrell v. Moore (Tex. Civ. App.) 300 S. W. 953; Crawford v. El Paso, etc., Co. (Tex. Civ. App.) 192 S. W. 256.

It follows from what has been said that we

are of the opinion the court did not err in refusing to dissolve the injunction; therefore all assignments and propositions urged by appellants are overruled, and the judgment of the trial court is affirmed.

Affirmed.