## FORT v. MOORE et al.
### No. 1024.

Court of Civil Appeals of Texas. Waco. Dec. 11, 1930.

Rehearing Denied Jan. 8, 1931.

W. L. Eason, of Waco, for appellant.

Jos. W. Hale, of Waco, for appellees.

BARCUS, J.

Appellees instituted this suit against appellant to restrain him from engaging in the fire insurance business in the city of Waco for a period of three years from June 1, 1930. Appellees allege that in May, 1929, they made a contract with appellant under the terms of which they purchased from appellant his fire insurance business in the city of Waco, which business appellant and his father had been conducting for many years; that under the terms of said purchase, in addition to the other considerations named in said contract, paid and to be paid by them for said business, it was agreed that they would employ appellant for a period of one year, at a salary of $265 per month, to work for them, and appellant agreed that he would not for a period of three years from and after June 1, 1930, engage in the fire insurance business in the city of Waco. A copy of said contract was attached to appellees' petition. Appellees allege that appellant was violating said contract, in that he had opened a fire insurance office and was advertising that the old firm under the name of Walter V. Fort & Co. had been reorganized, and was ready to and would write fire insurance of all kinds and

character. Appellees prayed for a temporary writ of injunction restraining appellant from engaging in such business, and that on final hearing said injunction be made permanent, and that appellant be restrained from engaging in such business for the full period of three years, as provided for under and by virtue of said contract.

The trial court had notice issued to appellant to appear and show cause why the temporary injunction should not be granted. Appellant filed an answer under oath alleging that the contract was void because in contravention of, and in violation of, the anti-trust statute, and alleged that appellees had not carried out their part of the contract, but had breached same, and alleged other defensive matters. The trial court, without hearing any evidence, after the answer was filed, granted a temporary writ of injunction restraining appellant from engaging in the insurance business, with the exception of life insurance, in the city of Waco, until the further orders of the court. Appellant prosecutes this appeal from said temporary injunction.

Appellant presents a large number of assignments of error and propositions. As we understand same, however, they present two major questions: First, appellant contends that the trial court was in error in granting a temporary injunction without hearing evidence after he had filed an answer under oath denying all of the material allegations contained in appellees' petition; second, appellant contends that the contract which he and appellees entered into was void and unenforceable because same is prohibited by the anti-trust statute of Texas, especially by subdivision 7 of article 7426 (Rev. St.)

The question of granting or refusing a temporary injunction is largely in the discretion of the trial court, and, unless that discretion has been abused, the appellate courts will not reverse the action of the trial court. Meyer v. Cockcroft (Tex. Civ. App.) 273 S. W. 665, and authorities there cited. Appellant did not, as a matter of fact, deny under oath at least two of the most material allegations contained therein; namely, that appellees and appellant had entered into the written contract, a copy of which was attached to and made a part of said petition, under and by virtue of which appellant had for a valuable consideration bound himself not to enter into the fire insurance business in the city of Waco for a period of three years after June 1, 1930, and the statement in said pleadings that appellant had violated, and was violating, said contract, in that he had opened up a fire insurance office and agency in Waco, and was attempting to and was engaged in writing fire insurance in violation of said written contract. Our courts hold that, although the defendant does deny under oath

all the allegations contained in an application for a temporary injunction, it is still within the discretion of the trial court to grant a temporary injunction pending a final hearing on the merits of the case. Yonack v. Emery (Tex. Civ. App.) 4 S.W.(2d) 293, 295; Id. (Tex. Com. App.) 13 S.W.(2d) 667. In said case the Court of Civil Appeals held that, since the sworn answer filed by the defendant did not deny all of the grounds for equitable relief contained in plaintiff's petition, it was not error for the trial court to refuse to dissolve the temporary injunction, and then stated:

"But, even if the answer could be construed as a specific denial of the equities of the bill, appellants were not, as a matter of right, entitled to have the injunction dissolved. The question of preserving the status of the litigation until final trial would still rest in the sound discretion of the court."

The opinion of the Court of Civil Appeals was affirmed by the Supreme Court.

██ Appellant's contention that the contract in controversy is in contravention of our anti-trust statute is, we think, without merit. Contracts similar to this have been so often upheld by our courts that nothing new could be written. Our courts have uniformly upheld the validity of a contract where a party buys out a going business, and the seller as part of the consideration therefor agrees not to again enter into said business in the same locality for a stipulated term of years. Gates v. Hooper, 90 Tex. 563, 39 S. W. 1079; Clay v. Richardson (Tex. Civ. App.) 290 S. W. 235 (error dismissed); Texas Ice & Cold Storage Co. v. McGoldrick (Tex. Civ. App.) 284 S. W. 615 (error refused); Jennings v. Shepherd Laundries Co. (Tex. Civ. App.) 276 S. W. 726 (error dismissed); and a long list of authorities cited in said opinion. Clearly, under the allegations as contained in appellees' petition, the trial court did not abuse its discretion in granting the temporary writ of injunction in this case.

The judgment of the trial court is affirmed.