## M. WELSH ET AL. V. S. B. MORRIS.

### No. 6835.

· **1. Agreement by Firm Not to Renew Their Business Binds Its Members.** Welsh Bros. sold out their undertakers' goods in Denison and further stipulated by the firm name "not to start the undertaking in Denison * * * so long as their vendee is in business." *Held*, that the obligation bound each member of *Welsh Bros.*

**2. Same — Testimony. —** It was competent in a suit upon a contract not to start business again to prove the estimated value of business done by the defendant who had broken his contract by starting again in business.

**3. Immaterial Finding by Court. —** The court in its findings estimated the value of the business done by defendant after he had reopened business in violation of his contract not to do so. An erroneous finding as to the time of such resumption was immaterial. The estimation was upon the entire time and an error in date could not have injured the defendant.

· **4. Failure to Rebut. —** The testimony to the business of defendant and consequent injury to plaintiff was indefinite. That the defendant failed to introduce testimony in his power leads to the presumption that such explanatory testimony would not have benefited him.

**5. Injunction.—**That plaintiff recovered damages already suffered for a breach of the contract not to reopen business is no reason for refusing an injunction protecting him for the future.

APPEAL from Grayson. Tried below before Hon. H. O. Head. The opinion states the case.

*Standifer & Moseley*, for appellants.—1. The court erred in permitting the plaintiff to testify as to the amount of business done by defendants M. and N. W. Welsh after M. Welsh resumed business in Denison. This testimony was impertinent and inadmissible, as it formed no basis for estimating the actual damage sustained by plaintiff by reason of defendant M. Welsh re-embarking in the undertaker's business. Wood's Mayne on Dam., 82, note 1; 3 Suth. on Dam., 630; Peltz v. Eichele, 62 Mo., 171.

2. An obligation on the part of a partnership composed of two or more members to abstain from a certain act in a certain place as such firm will not debar the individual members thereof from the commission of such act as individuals.

3. The evidence did not show that plaintiff had sustained any damage by reason of the bad faith of defendant M. Welsh.

. 4. An injunction should not have been granted plaintiff after he had elected to sue for damages and the court had found in his favor. 2 High on Injunc., 2 ed., sec. 1182; Sayles' Civ. Stats., secs. 2898, 2876, note 4; Wood's Mayne on Dam., 82, note 1; 3 Suth. on Dam., 630; Peltz v. Eichele, 62 Mo., 171; 2 High on Injunc., 2 ed., sec. 1178.

*W. W. Wilkins* and *Maughs & Peck*, for appellee.—1. It was competent for appellee to testify as to the amount of business done by M. and N. W. Welsh after M. Welsh resumed business in Denison, the parties being in the same business in the same town and the business being of a public character. Tompkins v. Toland, 46 Texas, 590; 1 Suth. on Dam., 130, 131; Evans v. Elliott, 20 Ind., 283.

2. Appellant having agreed not to engage in the undertaker's business so long as appellee should continue in that business in Denison, he would have no more right to violate it in connection with another person than if he were alone. 2 High on Injunc., 2 ed., secs. 1172, 1173; Hall's Appeal, 100 Am. Dec., 585.

3. An injunction was properly granted when it was clearly shown that appellant was violating his agreement. The judgment for $250 damages was for past acts, and the injunction was to protect appellee in the future. Railway v. Tait, 63 Texas, 223; Robinson v. Varnell, 16 Texas, 391; 2 High on Injunc., 2 ed., secs. 1167, 1168; Evans v. Elliott, 20 Ind., 283.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by the appellee against M. Welsh, R. W. Welsh, and N. W. Welsh to recover damages and to enjoin them from conducting business as undertakers in the city of Denison. The cause was tried without a jury, and a judgment was rendered in favor of the defendants R. W. Welsh and N. W. Welsh and for the plaintiff against the defendant M. Welsh for the sum of $250, and enjoining him from engaging in the business of an undertaker in the said city while the plaintiff should there continue to conduct such business.

Plaintiff's cause of action was based upon the following written agreement:

"DENISON CITY, TEXAS, March 13, 1885.
*"To all whom it may concern:*

"We have this day bargained and sold to S. B. Morris our entire stock of undertaker's goods for value received, including insurance and rent to April 1, 1885, and we further agree not to start the undertaking business in Denison City, Texas, so long as the said S. B. Morris is in the business.          *"*WELSH BROS.*"*

The judge filed conclusions of law and fact which were excepted to by the defendant M. Welsh.

The record contains a statement of facts, from which it appears, in addition to the above agreement, that plaintiff commenced business in the city of Denison as an undertaker on the 13th day of March, 1885, he having then purchased the stock of Welsh Bros., a firm composed of M. Welsh and R. W. Welsh, as shown by said written agreement; that after he sold out defendant M. Welsh moved to Sedalia, Mo., where

he engaged in the same business until March, 1886, at which time he returned to Denison, bringing with him a third brother, N. W. Welsh, and that the said M. and N. W. Welsh had opened an undertaking business in said city under the firm name of Welsh Bros. That at first M. Welsh was a partner in said business, but shortly after this suit was brought he sold his interest in it to his brother N. W. Welsh, and about that time the firm name was changed from "Welsh Bros." to "N. W. Welsh;" that afterward M. Welsh conducted a small furniture business in the house in which his brother was conducting the undertaking business, and assisted his brother in conducting the undertaking business.

Plaintiff testified that he believed that the Welshes had done about $3000 worth of business since they reopened in Denison; that he, plaintiff, had cleared about $1200 or $1500 out of his business the first year after buying out Welsh Bros., and had cleared about the same amount yearly after the Welshes resumed business in said city; that he thought M. and N. W. Welsh had cleared about $1500 after they resumed business.

The defendant objected to the admission of the testimony of plaintiff with regard to the value of the business transacted by the defendants, upon the ground that it was not "a proper measure of the damage sustained by the plaintiff."

We think the evidence was properly admitted. The facts stated were circumstances tending to show that plaintiff was damaged, and the amount of his damage. The fact that the parties included in their contract a stipulation that the Welsh Bros. should not conduct business while the plaintiff was engaged in it shows that they believed the conditions to be such as to make it of advantage to the plaintiff that the Welsh Bros. should desist from it. It is reasonable to conclude that the disadvantage to plaintiff of their conducting such business bore some proportion to the volume and value of the business transacted by them.

It is contended that the court erred in finding as a fact that Welsh Bros. resumed business in the summer of 1885. It is true that that statement is included in the finding, and that it is contrary to the evidence on the point, which was that they did not so resume until the spring of 1886.

The appellant filed a motion for a new trial, and it would have been proper for him to have then called the attention of the court to the error in the date so that it could have then corrected the amount of the recovery if it was at all affected by the mistake as to the true date. No mention, however, was made in the motion for a new trial of the objection now urged. We think it is evident, however, that the mistake could not have exercised an influence upon the result in any way. The only predicate for the amount of the judgment, or for any judgment, is in the evidence of the amount of business transacted by the defendants

and the total profits realized by them from it.    As will be seen in the statement we have given of the facts proved, that evidence had no reference to any dates, but related to such period of time only as the defendants had been actually engaged in the business.    As the evidence only tended to prove the amount of business transacted and of profit made, the particular date of its beginning was of no importance, and the court doubtless so treated it, which was the cause of the discrepancy between the testimony and the conclusion.

We can not agree with appellant in his contention that the obligation not to resume business bound the firm of Welsh Bros. only and not its members as individuals.    It operated upon them as individuals as well as a firm.

It is contended that the evidence did not show that plaintiff was damaged any, and if any how much, and that there was no evidence to support a judgment for $250.    The only evidence upon the issue was that given by the plaintiff himself.    If he overestimated the amount of business transacted by the defendants or the profit realized from it by them, they seem to have been in a situation to make the evidence more exact or to correct it if it was untrue, and no reason is apparent why they did not do so.    There are other facts which would seem to have been susceptible of proof which would have made the case clearer, and it would have been more satisfactory if they had been proved; but the entire omission to offer other evidence by the defendants being unexplained indicates that a fuller development of the circumstances would not have helped them in the issues of the fact and amount of plaintiff's damage.    It is true that the evidence shows that the profits of the business of plaintiff were as great after appellant resumed business as they had been before, but that does not prove that his profits were not less by reason of the business done by appellant than they would otherwise have been.    It was not necessary in order to support the judgment rendered to hold that the amount of the damage to plaintiff is the exact amount of profit gained by the appellant.

We are not informed by the record by what process the court reached the exact result shown by the judgment, but we are of the opinion that the judgment is not so contrary to or unsupported by the evidence as to make it our duty to set it aside.    Plaintiff's recovery for damages already sustained on account of the breach of contract was not a reason for refusing him an injunction protecting him for the future.

The judgment is affirmed.

*Affirmed.*

Delivered May 22, 1891.