## CLAY et al. v. RICHARDSON.*
### (No. 11621.)

(Court of Civil Appeals of Texas. Fort Worth. Oct. 16, 1926. Rehearing Denied Dec. 4, 1926.)

1. Injunction ⚖➪128—Finding that vendor violated agreement not to engage in motion picture theater business held warranted.

In suit by purchaser of motion picture theater to enjoin his vendor and another from opening a new theater in violation of agreement not to engage in such business in same town, evidence *held* sufficient to warrant finding that contract between defendants, and their conduct of new theater, violated spirit of agreement, entitling purchaser to injunction.

2. Contracts ⚖➪116(2)—Vendor's agreement to refrain from engaging in business or disposing of property, so that others may engage in business, impairing value thereof to purchaser, is valid.

Seller of property may, by restrictive promise reasonably limited, agree to refrain from himself engaging in a business, or from disposing of his property in such a way that others can engage in a business which would impair value of property to buyer for purpose for which he intended to use it, and such restrictive contract is not unlawful restraint of trade, nor contravention of statute prohibiting trusts.

On Motion for Rehearing.

3. Trial ⚖➪404(2)—Finding of fact embodied in conclusion of law may be considered, on appeal, as finding of fact.

Finding of fact, though embodied in trial court's conclusions of law, may be considered, on appeal, as finding of fact, as well as conclusion of law.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Suit by John Richardson against W. T. Clay and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Carrigan, Britain, Morgan & King, of Wichita Falls, for appellants.

Taylor, Muse & Taylor, of Wichita Falls, for appellee.

CONNER, C. J. On the 8th day of May, 1925, appellant W. T. Clay and one B. T. Sanders owned and operated a picture show in the town of Olney, and on that day sold the same to appellee, John Richardson, for a consideration of $10,500. The several proper-

---

ties delivered with the show were of value not exceeding $5,000. The bill of sale covering the physical properties was executed and delivered to the purchaser, and contained the following clause:

"We further agree, in consideration of the premises, that we, nor either of us, will again enter into or engage in the theater or moving picture business in Olney, Tex."

At the time of the sale mentioned, appellant Clay owned a lot in Olney upon which he later built and fully equipped with moving picture machines, screens, chairs, and other things necessary and proper in the conduct of a moving picture theater and business, and delivered the same to appellant L. K. Bray, who thereafter, until the institution of this suit, operated a picture show in the town of Olney.

This suit was instituted on the 16th day of December, 1925, by the appellee, Richardson, to enjoin Clay and Bray from operating the picture show last mentioned. In the petition therefor Richardson set forth the facts that we have stated, and alleged that Clay and Bray had conspired together to avoid the force and effect of the special paragraph of the conveyance to Richardson that we have quoted above. The defendants Clay and Bray denied the conspiracy, and alleged, in substance, that Bray was operating the picture show in the new building under a lease from Clay, agreed upon in May, 1925, and that Clay was not interested in the new business.

Upon a hearing, the court awarded to the plaintiff, Richardson, a permanent injunction restraining Clay and Bray from further conducting the picture show in the building leased to Bray, and, from the judgment so awarded, this appeal has been prosecuted.

[1] We have carefully considered the statement of facts and find that there is evidence tending to show that the lot upon which the new building was erected and the new picture show as conducted by Bray was owned by Clay at the time of Clay's sale of his former business to Richardson, and that, while denied by both Clay and Bray, the evidence also tends to show that the leasing of the new building for a picture show business by Clay and Bray amounted, in effect, to a violation of the clause in the contract between Clay and Richardson, quoted above, and the court so found.

Appellee, Richardson, testified, in substance, that at the time of his purchase he did not think the town of Olney would support another picture show; that, after he had heard that Clay was proposing to erect a new picture show building, he (Richardson) complained to Clay that it was in violation of his contract, and he inquired as to its rental value; that Clay said, "I figured I would have to pay $175," upon which Richardson replied that he had a relative who would give him $200 for the building; that no distinct offer by him to rent it had been made, nor had Clay at any time proposed to lease to him; that the wife of appellant Bray, prior to the purchase by Richardson, had acted for Clay as ticket seller in the business sold by him, and that she was so acting in the new business conducted by Bray; that Bray had full knowledge and notice of the restrictive clause in the contract between Clay and Richardson; that, after the erection of the new building, and the rental thereof to Bray, at a rental of $350 per month, Clay was seen in and about the building; and that in his own name he contracted with one or more producers for films to be run and shown in the business conducted by Bray.

A Mr. B. A. Nash testified:

That in talking to Bray about the show business he "asked him (Bray) what kind of a proposition was he going to own it (the new show) or what not." He says: "No; I am going to run it." I said: "That would be all right, if you get enough salary." He said: "It is a commission proposition."

Bray, while a witness, stated that Clay was not interested in the "net proceeds" of the new business, but failed to state that Clay was not interested in the gross proceeds.

We think the evidence as a whole sufficiently supports the trial court's conclusions that the contract and arrangements between Bray and Clay relating to the conduct of the new picture show was violative of the spirit of the restrictive clause in the contract made by Clay at the time of his sale to the appellee, Richardson. There is no evidence relating to the financial ability or solvency of appellant Bray, and Clay was at least apparently interested to the extent of $350 per month received by him under his contract with Bray in the proceeds arising from the new picture show, and, if Bray's statement to the witness Nash was true that he was to operate the new show on a commission basis, it may be inferred that the true arrangement between Clay and Bray was, in substance, that Bray was to operate the new picture show and have all of the proceeds thereof after the payment of all expenses and the payment of the $350 as rental.

[2] We do not think such an arrangement between the parties can be supported. While Bray was not a party to the contract between Clay and Richardson, he has injected himself into the subject-matter in such a manner and way as to render himself liable to the restriction. That a seller of property may, by a restrictive promise, reasonably limited, agree to refrain from himself engaging in a business or from disposing of his property in such a way that others can engage in a business which would impair the value of the property to the buyer for the purpose for which he intended to use it, is not to be questioned. See 3 Williston on Contracts, § 1642; Anderson v. Rowland, 18 Tex. Civ. App. 460,

44 S. W. 911; Hitt v. Caney Fork Gulf Coal Co.; 124 Tenn. 334, 139 S. W. 693, and authorities therein cited. Restrictive contracts of the kind cannot be said to be unlawful as being in restraint of trade, nor as contravening our statute prohibiting trusts. See Gates v. Hooper, 90 Tex. 563, 39 S. W. 1079; Malakoff v. Riddlesperger, 108 Tex. 273, 192 S. W. 530.

We conclude that we should approve the findings of facts and conclusions of law of the trial court and affirm the judgment, and it is so ordered.

### On Motion for Rehearing.

[3] It is insisted that the facts found did not authorize the judgment below, nor authorize the action of the court in affirming that judgment, and stress is laid upon the finding of the court styled "findings of fact." Appellant insists, apparently at least, that we were not authorized to look to the court's conclusions of law for a finding of fact nor to the evidence. The finding of the trial court recited in his conclusions of law that there was a "conspiracy" on the part of Clay and Bray to violate the spirit of Clay's contract with Richardson was at least one upon a question of mixed law and fact, and we have not been cited to any case nor have we found any that precludes our consideration of the finding as one of fact as well as of law. We referred to evidence which we thought tended to support the finding. For cases holding in effect that a finding of fact, though embodied in the trial court's conclusions of law, may be considered on appeal. See the following: Wells v. Yarbrough, 84 Tex. 660, 19 S. W. 865; Heirs of E. Ryon v. Rust, Adm'r, 65 Tex. 530; Mortgage & Trust Co. v. McCarty (Tex. Civ. App.) 34 S. W. 306; Robert McLane Co. v. Swernemann & Schkade (Tex. Civ. App.) 189 S. W. 282; Paris v. Alexander (Tex. Civ. App.) 90 S. W. 1119; Leonard v. Torrance (Tex. Civ. App.) 210 S. W. 295.

We think that the motion for rehearing should be overruled, and it is so ordered.