## GOLDBERG v. SOLTES.

### No. 10822.

Court of Civil Appeals of Texas. Dallas.

Oct. 11, 1930.

M. N. Chrestman and Emil Corenbleth, both of Dallas, for appellant.

Tom C. Clark and Niblo V. Dodd, all of Dallas, for appellee.

LOONEY, J.

William Soltes and Sam Goldberg were partners, conducting a jewelry, pawnshop, and mercantile business at 2316 Elm street, in Dallas, under the name of "Uncle Sam's Pawn Shop." On October 11, 1929 the partnership was dissolved by Goldberg selling to Soltes his interest in the business and all its assets, including the good will and tradename. The contract of sale contained, among others, the following stipulations: "Said Sam Goldberg has bargained, sold, transferred and delivered, and does by these presents bargain, sell transfer and deliver unto said William Soltes, all of his right, title, interest, in and to said partnership business operating as Uncle Sam's Pawn Shop and Goldberg & Soltes, its assets, trade name, and good will, same being sold in bulk without inventory."

The written agreement further provides:

"It is agreed and understood that said Sam Goldberg shall not engage in the jewelry business, pawn business, mercantile business or any similar business to that engaged in by said partnership in the 2300 block on Elm Street, Dallas, Texas, as now designated for a period of four years and two months from this date.

"It is also understood and agreed that the said Sam Goldberg shall not use the name of Uncle Sam's Pawn Shop or Sam's Pawn Shop in any business which he may engage in or become interested in. He may use his own name or any other name in such business in which he may engage."

On February 18, 1930, Soltes filed this suit, alleging that Goldberg had violated the above-quoted provisions of the contract, by engaging in a jewelry, pawn, and mercantile business in the 2300 block Elm street, in that he and his brother, L. D. Goldberg, had purchased from Michaelson Bros. a jewelry, pawn, and mercantile business, similar to that of plaintiff, and were conducting the same at 2314 Elm street, next door to plaintiff's establishment. Plaintiff prayed for damages and sought injunctive relief, both temporary and permanent. The court granted a temporary restraining order commanding defendant to desist and refrain from in any manner engaging in a jewelry, pawn, or mercantile business in the 2300 block Elm street, Dallas, and from advertising by any method or device the business conducted by defendant at any place so as to lead the public to believe that such advertised business was connected with "Uncle Sam's Pawn Shop," to desist and refrain from infringing upon the trade-name

and good will of plaintiff's business, and from in any manner aiding, assisting, or abetting any business in the 2300 block similar to the business conducted by plaintiff.

Defendant answered plaintiff's petition under oath, in which he denied its allegations, count by count, and on May 30, 1930, filed a motion to dissolve the temporary writ, and, in the alternative, asked that it be modified. On hearing, the court considered plaintiff's sworn petition, defendant's sworn answer, and the testimony of several witnesses tending to establish the material allegations of plaintiff's petition. Defendant's motion to dissolve the temporary writ was overruled, but the original order was set aside, and in lieu thereof, the following order was entered, viz.: "The defendant, Sam Goldberg, shall not engage in the jewelry business, the pawn business, mercantile business, or any similar business, in the 2300 block on Elm Street in the City of Dallas, Texas, until further order of this court."

The order of court in this connection contains this further recital: "To which action and ruling of the court, the defendant then and there in open court duly excepted on the grounds and for the reasons set out in a bill of exceptions then and there taken in open court by the defendant to the remarks of the court construing it (the order) made to the defendant in the form of instructions on the modified order aforesaid; and the defendant thereupon gave notice of appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas at Dallas."

The bill of exception referred to in the order of court recites that: "Be it remembered that on the 5th day of June, A. D. 1930, after the conclusion of the evidence and argument of counsel on the defendant's motion to dissolve the order of injunction heretofore issued in this cause, and after the court had announced his decision to overrule said motion to dissolve and to modify said order, as shown by his order duly entered herein on the 5th day of June, 1930, the court thereupon called the defendant, Sam Goldberg, then present in court, before the bar and advised and instructed said defendant in open court that he had so modified his order of injunction to meet the language of the contract involved, but that the court construed said modification of the order to mean and would construe it to so mean that if the defendant went into the store being operated under the name of Michaelson Brothers by a partnership composed of David Goldberg and Joe Utay in the 2300 block on Elm Street in the City of Dallas, Texas, and performed any duties in said store, such as selling goods or working therein or thereabout, that such acts would constitute a violation of said modified order of injunction, and the court would fine said defendant $100.00 and sentence him to three days in jail for each of said acts by him so committed."

■ Appellant contends that, in the absence of a showing that he was insolvent, appellee was not entitled to include in his action for damages a plea for injunction against anticipated breaches of the contract. This position is not well taken. It has been repeatedly held that the injury resulting from the breach of such a contract is continuous, that damages alone cannot afford adequate relief, because incapable of accurate ascertainment; hence the complaining party is entitled to future protection. See Welsh v. Morris, 81 Tex. 159, 16 S. W. 744, 26 Am. St. Rep. 801; Walker v. Brosius (Tex. Civ. App.) 90 S. W. 655; Parrish v. Adwell (Tex. Civ. App.) 124 S. W. 441; Malakoff Gin Co. v. Riddlesperger, 108 Tex. 273, 192 S. W. 530.

■ Appellant also contends that the evidence did not justify the court in continuing the injunction in force. We do not think the court abused its discretion. Our courts are definitely committed to the rule that the granting, refusing to grant, dissolving, or refusing to dissolve, a temporary writ of injunction is a matter resting largely within the sound discretion of the trial court, and that its action will not be disturbed unless an abuse of discretion clearly appears.

The burden of the oral argument for appellant was that the language of the trial judge addressed to appellant in open court, to the effect that, if he went into the Michaelson store and performed any duties, such as selling goods or working therein or thereabout, such conduct would constitute a violation of the injunction, that he would be fined $100 and sentenced to jail for three days, constituted and became, under the circumstances, a part of the court's written order, and, as thus enlarged, the order was unauthorized by any provision of the contract between the parties, and was unauthorized by the language of the order itself; that the threat to punish appellant, under the circumstances, unlawfully restricted and interfered with his liberty and freedom of action; therefore the order should be set aside and judgment rendered for appellant.

■ This contention is, to say the least, unique. We are asked to blend with the recitals of the judgment, as entered of record, the verbal interpretation announced by the judge in open court, and to hold that this amalgam constitutes the judgment brought up for review. This we cannot do. The appeal was from the order entered of record, which was neither added to by the verbal construction thereof announced by the judge, nor given a meaning different from the ordinary signification of its language.

The language used by the judge was an admonition, to the effect that, under the named

circumstances, appellant would be held guilty of contempt and punished accordingly. This was supposititious. If appellant should be haled before court and punishment imposed for violating the restraining order, in the respect mentioned, he would have his day in court to test the validity of the proceedings. We fail to find reversible error, and the case is affirmed.

Affirmed.