## DUGGAN ABSTRACT CO. et al. v. MOORE.

### No. 14057.

Court of Civil Appeals of Texas. Fort Worth.

March 15, 1940.

Rehearing Denied April 26, 1940.

W. C. Boyd and Henry Owsley, both of Denton, for appellants.

Ed I. Key and Geo. M. Hopkins, both of Denton, for appellee.

BROWN, Justice.

Appellee, D. L. Moore, was engaged in the occupation, or, profession, of making abstracts of title covering lands situated in Denton County, Texas, and desired, for a valuable consideration to be paid to him, to sell his equipment and good will, and to refrain from following such pursuit thereafter in Denton County. The following contract of sale was made by Moore to the appellants, Duggan Abstract Company, a private corporation, and J. W. Jagoe, Jr., doing business under the name Jagoe Abstract Company, who were engaged in the same business:

"The State of Texas

"County of Denton.

"Know All Men by These Presents:

"That I, D. L. Moore, of the County of Denton, Texas, for and in consideration of

the sum of Four Hundred and 00/100 ($400.00) Dollars paid and secured to be paid by Duggan Abstract Company and Jagoe Abstract Company, in the following manner:

"The sum of One Hundred and 00/100 ($100.00) Dollars in cash, receipt of which is hereby acknowledged and confessed, and the sum of One Hundred and 00/100 ($100.00) Dollars due and payable on thirty days after this date, and the remaining sum of Two Hundred ($200.00) Dollars to be paid Forty and 00/100 ($40.-00) Dollars per month, beginning the first installment on September 1st, 1932, and continuing in a like sum on the first day of each succeeding month thereafter until the said sum shall be fully paid, said deferred payments to bear interest from date until paid at eight per cent per annum, the interest on each payment to be due with the principal, have granted, bargained, sold, transferred and delivered, and by these presents do grant, bargain, sell, transfer and deliver unto Duggan Abstract Company and Jagoe Abstract Company, all of the following described property situated in Denton, Denton County, Texas, to-wit:

"All books, records, filing cabinets, typewriters, tables and any and all other equipment of every kind and character heretofore used by me in connection with the abstract business conducted under the trade name of Moore Abstract Company, of which I am the sole owner, and the further consideration, which is a part of the consideration entering into this sale, of my good will and obligation that I will not again enter into the abstract business in any form, either directly or indirectly, in Denton County, Texas.

"To have and to hold unto the said Duggan Abstract Company and Jagoe Abstract Company, their successors and assigns forever, all of the above described property, and I do for myself, my heirs, executors and assigns, hereby warrant the title thereof unto the said Duggan Abstract Co. and Jagoe Abstract Company, their successors and assigns, against all persons claiming or to claim the same or any part thereof or any interest therein.

"Witness my hand at Denton, Texas, this the 2nd day of July, A. D. 1932.
　　　　　　"(Signed) D. L. Moore."

Moore, after agreeing not to follow the business of compiling abstracts of title to lands in Denton County, Texas, violated the terms of his contract, went back into the said business in Denton County, and the appellants brought suit against him, seeking as their principal relief an injunction against Moore, restraining him from engaging in the occupation of compiling abstracts of title in Denton County.

Appellants filed an original petition on June 7th, 1939, and on June 30th, 1939, filed their second amended original petition, on which they went to trial.

Appellee filed his original answer, in reply to plaintiffs' original petition, on June 15th, 1939.

We find what to us is an unusual situation, insofar as the defendant's pleadings are concerned. The defendant filed, on June 16th, 1939, what is designated as his First Supplemental Answer in reply to plaintiffs' "Amended Petition which was filed on June 15th, 1939", and the first paragraph of this pleading reads: "Defendant adopts as though fully repleaded herein his original answer filed herein on the 15th day of June, 1939, and makes the same applicable to plaintiffs' said amended original petition"; and on July 7th, 1939, the defendant, after the plaintiffs had filed their second amended original petition, filed what they designated as their "Second Supplemental Answer", and it reads: "Now comes the defendant in the above entitled and numbered cause and in reply to the matter and things plead by the plaintiffs in their Second Amended Original Petition filed herein, adopts as though fully repleaded herein defendant's original answer filed herein on the 15th day of June, 1939, and defendant's first supplemental answer filed herein on the 16th day of June, 1939, so that each and every exception and each and every allegation in said answer shall apply to the allegations of plaintiffs' said second amended original petition.

"Wherefore, premises considered, defendant prays as in his original answer and first supplemental answer."

■ Paragraph 83 of 33 Tex.Jur. pages 513 to 515, states the rule governing amended pleadings: "It is of the essence of an amendment that it completely supersedes the pleading intended to be amended. Hence what is stated in the original cannot be relied on after an amendment (other than a trial amendment) has been filed", and specifically calls attention to

the fact that the earlier pleading is abandoned, and continues by saying: "Consequently a reference to the original cannot make it part of the amended pleading. Thus a first amended petition supersedes the original petition, and is in turn superseded by a second amended petition."

Paragraph 84, covering "Reply to Amendment", reads: "A party has the alternative of filing a further pleading in reply to his opponent's amendment or of relying on his pleadings as already filed, which are deemed to be interposed to the amended pleading."

If we understand this rule as applied to the instant case, the plaintiffs stand on their "Second Amended Original Petition", and the defendant must stand on his original answer.

We hold that the defendant's "First Supplemental Answer" cannot be relied upon, and since his "Second Supplemental Answer" does no more than attempt to rely upon his "Original Answer" and his "First Supplemental Answer", we believe that the defendant must rely upon his original answer, because the "first supplemental answer" has gone out of the record.

The last order made by the trial court and the one from which the appeal was taken is dated July 13th, 1939. This order recites that the court had before it and acted upon defendant's exceptions to plaintiffs' first amended original petition. This is an error and the order should have recited that the court had before it plaintiffs' Second Amended Original Petition, as all preceding petitions were abandoned when the last amended petition was filed.

This order sustains "the defendant's general exception and special exception".

We do not understand that there is any special exception before a trial court when such court sustains a general exception. A pleading may be good as against a general demurrer, and yet subject to some one or more special exceptions.

We may consider the order of the court only as it deals with the sustaining of the general demurrer, and the dismissal of the suit.

We believe the trial court erred in sustaining the general demurrer and in dismissing the suit.

We do not believe that plaintiffs'. petition is subject to a general demurrer and we believe that the trial court should hear the evidence and then render judgment.

We do not believe that plaintiffs' petition shows that the plaintiffs are relying upon a contract in restraint of trade, or one violative of any of the provisions of Articles 7426, Sections 3 and 7, 7427 and 7429, Rev.Civ.Statutes, as is contended for by appellees.

Article 7426 defines "Trusts" as combinations of capital, skill or acts by two or more persons, firms, corporations or associations of persons, or either two or more of them for either, any or all of the following purposes: "(3) To prevent or lessen competition in the manufacture, making, transportation, sale or purchase of merchandise, produce or commodities, or the business of insurance, or to prevent or lessen competition in aids to commerce, or in the preparation of any product for market or transportation"; (7) "To abstain from engaging in or continuing business, or from the purchase or sale of merchandise, produce or commodities partially or entirely within the State of Texas, or any portion thereof."

We do not believe that these provisions of the Statute have to do with the business of compiling abstracts of land titles.

An abstract of a land title is not an article of merchandise, produce or commodity. No person who owns one can find a purchaser for it unless such person is interested in the land that it covers and in the title to the land.

The point we make is that the "Anti Trust" and "Anti Monopoly" Statutes were passed to protect the general public in the manufacture, sale, distribution, etc., of merchandise, produce and commodities in which the public is interested.

We do not believe that the contract under review violates any part of said Art. 7426. Clay et al. v. Richardson, Tex.Civ.App., 290 S.W. 235, writ dismissed.

Article 7427 defines a "monopoly", and we do not believe that the said contract violates such statute. On its face it does not so show and if the proof should show that the two buyers did not in fact

acquire a "monopoly", the Statute would not apply, even though the persons who purchased the business of the seller were dealing in some "commodity, produce or merchandise".

Article 7429 declares: "Any and all trusts, monopolies and conspiracies in restraint of trade, as herein defined, are prohibited and declared to .be illegal."

The judgment of the trial court is reversed and the cause remanded for a hearing on the merits.

SPEER, J., not sitting.