## MOORE v. DUGGAN ABSTRACT CO. et al.

### No. 14264.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 5, 1941.

Rehearing Denied Oct. 10, 1941.

Geo. M. Hopkins and E. I. Key, both of Denton, for appellant.

W. C. Boyd and Henry Owsley, both of Denton, for appellees.

McDONALD, Chief Justice.

This is the second appeal of this case. See Duggan Abstract Co. et al. v. Moore, Tex.Civ.App., 139 S.W.2d 198, where a full statement of the nature of the suit may be found.

Moore, the appellant, sold his abstract business and good will to appellees, agreeing in the written contract of sale not to re-enter the abstract business in Denton County. This suit was brought by appellees, the purchasers of the business, to enjoin Moore from engaging in the abstract business. Upon the first trial a general demurrer to plaintiffs' petition was sustained by the trial court. This court, in the opinion cited, held that the contract was not violative of the anti-trust statutes of this state, articles 7426, 7427 and 7429, Revised Civil Statutes.

Upon the second trial of the case judgment was rendered by the trial court permanently enjoining defendant Moore from engaging in the abstract business in Denton County. Moore has appealed from that judgment. His propositions and assignments may be divided into three groups. (1) Those charging violation of the state and federal anti-trust laws. (2) Those asserting that plaintiffs' suit is barred by the four-year statute of limitations, article 5529, R.C.S. (3) Those asserting (a) that plaintiffs failed to allege and prove that the covenant not to re-enter business was both reasonable and necessary, (b) that plaintiffs failed to allege and prove that they would suffer irreparable injury, and that they had no adequate remedy at law, (c) that plaintiffs failed to allege and prove that the injunction was necessary, and (d) that plaintiffs failed to prove that they had been injured by the violation of the contract.

We consider that all assignments and propositions based upon the alleged viola-

520

tion of the anti-trust laws should be over-ruled for the reasons and under the authorities set out in the opinion of this court upon the former appeal.

The limitation question has given us considerable concern. We have been cited to no case, nor have we been able to find one, where a statute of limitations has been set up as a defense in a suit brought to enjoin the violation of a restrictive covenant of the kind involved in this case. The decisions cited by appellant are not especially helpful. For the most part they involve suits at law for damages.

Article 5529, Revised Civil Statutes, provides: "Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward."

It appears undisputed from the record that appellant first began to violate his contract not to engage in the abstract business more than four years before this suit was brought. Although laches, as such, was not pleaded as a defense, we refer to the opinion in Burrell v. Michaux, Tex. Com.App., 286 S.W. 176, for a lengthy discussion of the rules relating thereto. It is there held that mere delay, as against a plea of laches, even for a longer period than that prescribed by the laws of limitation, does not necessarily bar the plaintiff's right to an injunction. Laches was set up as a defense in a suit similar to the one on appeal. Montgomery Bros. v. Montgomery, 269 Pa. 332, 112 A. 474, before the Supreme Court of Pennsylvania. It was there held that the suit was not barred by laches, in the absence of proof of injury to the defendants by reason of the delay. The same general thought is expressed in an opinion by the Supreme Court of Delaware, in Wright v. Scotton, 13 Del. Ch. 402, 121 A. 69, 31 A.L.R. 1162. In the latter case it is suggested that, upon a plea of laches, a court of equity may be influenced, but not necessarily governed, by an analogous statute of limitations at law. The defendant has neither alleged nor proved that he has been injured by the delay in bringing the suit, or that he has been induced by the delay to alter his course of conduct.

■ The plaintiffs, in their suit for an injunction, do not seek redress from the violations of the contract which have already taken place, whether more or less than four years before the suit was filed. They seek to enjoin defendant from violating the contract in the future. The basis for their suit is not, precisely speaking, the violations which have already taken place, but the violations which are threatened to be committed. The violations committed before the trial of the suit are important, primarily, as evidence of what the defendant intends to do after the trial. This suit is not similar to those where a permanent nuisance has been created, or where there has been a permanent invasion of some other nature of plaintiffs' rights, which would be sufficient to start the running of limitations. Defendant's wrongful acts have been of a continuous nature, but not necessarily permanent in their character.

From the very nature of this case, the four-year statute of limitations, Article 5529, is not applicable. In a proper case laches might be available as a defense, but we are not able to see how limitations, as such, could be applicable.

■ The reasonableness of the covenant in the present case may be determined from the contract itself. In our opinion the confines of Denton County constituted a reasonable territorial limitation for a business of this nature. And it has been held that one may lawfully agree not to compete during the remainder of his life within a reasonably limited territory. 10 Tex.Jur. page 225, and cases there cited.

■ It was not necessary, in this kind of case, for the plaintiffs to show irreparable injury, or that they had no adequate remedy at law. Anderson v. Rowland, 18 Tex.Civ.App. 460, 44 S.W. 911; Goldberg v. Soltes, Tex.Civ.App., 32 S.W.2d 246; Lomax v. Trull, Tex.Civ.App., 232 S.W. 861; Red Ball Stage Lines v. Griffin, Tex. Civ.App., 275 S.W. 454; Clay v. Richardson, Tex.Civ.App., 290 S.W. 235. We refer especially to the opinion in Anderson v. Rowland, supra.

Appellant has cited several cases involving agreements made by employees not to engage in competing business after termination of their employment. The distinction between the employee cases and the cases involving the sale of a business and its good will is recognized and discussed in most of the cases above cited, as well as in some of the employee cases. May v. Lee, Tex.Civ.App., 28 S.W.2d 202; Byers v. Trans-Pecos Abstract Co., Tex. Civ.App., 18 S.W.2d 1096.

That plaintiffs need not prove the extent to which they have been injured by the violations of the contract, or that they have been injured at all, may be demonstrated by stating that a threatened violation of this contract might have been enjoined, even though no violation had yet taken place, and though no injury had yet been suffered. The purchasers of a business and good will, where the seller has agreed not to compete, are not bound to wait until the contract has been breached and the damage has been done before seeking an injunction.

As is recognized by the authorities above cited, an injunction may be the only satisfactory relief available in a case of this kind. In no other way can plaintiffs obtain what they purchased from defendant.

We have refrained from copying excerpts from the opinions cited, and from discussing the issues at greater length, because, except as to the question of limitations, we believe that all questions raised by appellant's propositions have been settled by prior decisions of this state, and are fully discussed in the authorities cited.

The judgment of the trial court is affirmed.

SPEER, J., not sitting.