**Lloyd R. BLUME, Appellant,**

**v.**

**Donald J. CURSON et al., Appellees.**

**No. 281.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Nov. 5, 1969.

Rehearing Denied Dec. 3, 1969.

Wm. E. Mallia, Houston, for appellant.

John C. Ridley, Wm. J. Merrill, Kelley, Ryan & Merrill, Houston, for appellees.

TUNKS, Chief Justice.

In 1960, the appellant, Lloyd R. Blume, plaintiff in the trial court, was engaged in the mortgage business. In such business he arranged for loans to be made to property owners, which loans were secured by liens on the property owned by the borrowers. The lenders required that the borrowers have insurance coverage on the improvements of the property upon which the liens were given. This fact placed the appellant in an advantageous position for the solicitation of insurance business.

The appellee, Donald J. Curson and Ronnie K. Curson, a partnership doing business under the name of Painter, Reichman & Company, were in the insurance business as local recording agents, licensed under the terms of Article 21.14, Texas Insurance Code, V.A.T.S.

Blume, in his trial pleading, alleged that in 1960, he and the Cursons entered into an oral agreement under the terms of which he, as a licensed solicitor, would solicit insurance business on behalf of the Cursons as recording agents and that it was agreed that he would be paid one-half of the commissions resulting from the policies so solicited by him. He further alleged that it was agreed " * * * that all property rights to the insurance business so procured would belong to the Plaintiff, and that Defendants would use the information concerning said business only for the purpose of servicing said insurance and that upon termination of this agreement, Defendants would turn over all said information to the Plaintiff and refrain from using same for

their own benefit or from in any way interfering with Plaintiff's use of same." He alleged that the Cursons had later confirmed a part of the agreement by writing the following letter:

"Dear Lloyd:

"As discussed with you on several occasions this letter is to advise as following.

' "All Insurance Policies Solicited By You As An Solictor For Painter Reichman & Company Is Solely Owned By You And Or Your Heirs In The Event Of Your Death". In The Event Of Youe Death We Woyld Appreciate The First Opportunity To Purchase Same Since Painter Reichman & Company Has Handled Your Business From The Start.'

"I trust the intent of this letter will meet with your approval."

The relationship between Blume and the Cursons was terminated by Blume on January 31, 1965. Blume demanded of the Cursons that they give to him all of the records concerning the insurance policies procured by him as solicitor. The principle records were copies of the insurance policies on which would appear the data that would be useful in soliciting renewals. The Cursons refused. The petition filed by the plaintiff in the trial court alleged that as a result of that refusal, "Plaintiff has been damaged in the amount of $37,529.52, which he would show to be the fair market value of said insurance business * * *." The prayer of plaintiff's petition asked damages "for the fair market value of Plaintiff's insurance business converted by Defendants in the amount of $37,529.52 * * *," etc.

The answer filed by the Cursons included several special exceptions, a general denial and a plea to the effect that the contract alleged by Blume was illegal because it was in violation of Article 21.14 of the Texas Insurance Code and Article 572 of the Vernon's Ann. Texas Penal Code. The defendants filed motion for summary judgment on the basis of their plea of illegality of the alleged contract. The trial court granted that motion and rendered judgment for the defendants. Blume has perfected his appeal from that judgment.

The appeal to this Court was perfected by the timely filing of a transcript containing various pleadings, the judgment of the trial court, certain summary judgment evidence and the appeal bond. The appellant's and the appellees' briefs were filed. In the appellees' brief it was pointed out that the trial court's judgment recited that it was based upon the court's consideration, among other things, of depositions on file and that those depositions were not part of the record before this Court so that this Court must presume that the contents of those depositions supported the trial court's judgment. Authorities were cited to support that contention. Thereupon the appellant filed a motion for leave to supplement the transcript already filed by the filing in this Court of depositions which had been filed in the trial court. Appellees filed opposition to that motion. The appellees, in their opposition to the filing of the depositions, took the position that they constituted a statement of facts and that it was too late to file a statement of facts.

The conventional trial of a lawsuit on its merits (and sometimes on ancillary matters) contemplates the presentation of evidence to establish the relevant facts and law of the case. The transcription of the relevant oral testimony and the reproduction or the original of the documentary and demonstrative evidence so presented is the statement of facts which may be part of the record filed with the appellate court in an appeal from the judgment rendered in such a conventional trial. Rules 371 and 377, Texas Rules of Civil Procedure.

■ The trial of a lawsuit on a motion for summary judgment is not conducted in the conventional manner. In such a trial the judge determines from the pleadings, depositions, admissions and affidavits that have been filed with the clerk whether any

fact issue exists which requires a conventional trial on the merits. Rule 166–A, T.R.C.P. Such filed matters are sometimes called the "summary judgment evidence." In the past there was some difference of opinion as to the propriety of hearing oral testimony on hearing of a motion for summary judgment. That question was resolved in 1967 when Rule 166–A was amended to specifically provide that "No oral testimony shall be received at the hearing." Thus, there is no necessity for a statement of facts in an appeal from a summary judgment. General Electric Credit Corp. v. First National Bank of Dumas, Tex.Civ.App., 432 S.W.2d 737, no writ hist. The "evidence" on which it is based is reflected by matters which have been filed with the clerk. Those matters are properly included in the transcript which is to be filed on appeal. By Rule 376, the transcript is to include "any filed paper either party may designate as material." A deposition is a "filed paper" properly included in the transcript on appeal from a summary judgment. The appellant's motion for leave to supplement the transcript is granted and the depositions considered by the trial court in rendering its summary judgment are hereby ordered filed as such supplement. Rule 428, T.R.C.P.

 The appellees construe the appellant's suit as a "suit for commissions on renewals." Their position is that their payment to him of such commissions after the termination of his license as a solicitor for them would be in violation of Article 21.14, Sec. 14, of the Texas Insurance Code and Art. 572 of the Texas Penal Code. Their position is based upon an erroneous construction of the appellant's lawsuit. By the plain language of the petition filed by the appellant in the trial court, as shown by that part quoted above, the plaintiff sought to recover, not a part of the premiums paid for the renewal of insurance policies, but the value of the property accumulated by him during the term of his agency for the appellees.

It is recognized in the insurance business that an insurance agency as a going concern acquires an asset which is a property of value. That property is referred to as "expirations." To realize the value of this asset it is necessary that the agency have the control of the copies of the insurance policies issued which copies show the name and address of the insured, the date of the issuance and expiration of the policy, the terms of the insurance, the property covered, the amount of the premium, etc. The one controlling this data is in position to capitalize on the well recognized disposition of policy holders to accept renewal policies without further solicitation. Alexander v. Edwards-Northcutt-Locke, Tex. Civ.App., 329 S.W.2d 304, no writ hist.; Cottingham v. Engler, Tex.Civ.App., 178 S.W.2d 148, no writ hist.; V. L. Phillips & Co. v. Pennsylvania Threshermen & Farmers' Mut. Cas. Ins. Co., (4th Cir.), 199 F.2d 244, certiorari denied, 345 U.S. 906, 73 S.Ct. 645, 97 L.Ed. 1342.

The appellant has alleged that after the termination of his license as a solicitor for the appellee he became a solicitor for another recording agency. As such it was lawful for him to capitalize on his "expirations" which allegedly the Cursons had agreed belonged to him. The trial court erred in granting the motion for summary judgment on the ground that the alleged contract was illegal.

Reversed and remanded.